IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Tootsie Roll Industries, LLC<br><br>    Plaintiff,<br><br>v.<br><br>Rollashoe, LLC<br><br>    Defendant. | Case No. 2011 CV 8182 |

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Plaintiff, Tootsie Roll Industries, LLC ("TRI"), brings this civil action against Defendant, Rollashoe, LLC ("Rollashoe" or "Defendant") and alleges as follows:

**THE PARTIES**

1.  TRI is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 7401 South Cicero Avenue, Chicago, Illinois 60629.

2.  Upon information and belief, Rollashoe is a limited liability company organized under the laws of Florida with its principal place of business at 1688 Meridian Ave., Suite 418, Miami Beach, Florida, 33139.

**NATURE OF ACTION**

3.  In this action, TRI's claims against Rollashoe are for trademark infringement in violation of 15 U.S.C. § 1114 *et seq.*, false designation of origin and unfair competition arising under the Lanham Act, 15 U.S.C. § 1125(a), federal dilution arising under 15. U.S.C. § 1125(c), and rights under the common law.

4. This action arises out of Rollashoe's sale of products, namely footwear, offered under FOOTZYROLLS. Rollashoes's activities compete unfairly and are likely to cause confusion, if they have not already, with TRI and its previously acquired and current marks. Further, Rollashoe's use of FOOTZYROLLS dilutes the value of TRI's famous marks.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 15 U.S.C. §§ 1119, 1121, 1125 and 28 U.S.C. §§ 1331, 1332, and 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

7. Upon information and belief, Rollashoe regularly conducts and solicits business and sells its goods, including the goods at issue in this case, in Illinois. Therefore, the exercise of personal jurisdiction over Rollashoe in Illinois is proper.

## PLAINTIFF AND ITS TRADEMARKS

8. TRI, founded in 1896, manufactures and sells a wide variety of famous candy and confections all over the world. Candies are sold by TRI under brand names including TOOTSIE, TOOTSIE ROLLS, TOOTSIE FROOTIES, and TOOTSIE POPS.

9. TRI and/or its predecessors in interest first used the TOOTSIE trademark in commerce in 1908. TRI owns United States Trademark Reg. No. 75,218 for TOOTSIE, which issued on September 14, 1909.

10. TRI and/or its predecessors in interest first used the TOOTSIE ROLL trademark in commerce in 1908. TRI owns a number of U.S. Trademark Registrations for its TOOTSIE ROLL mark, which it has used continuously in the United States since at least 1908 in connection with candy and related products.

11. In addition to its rights at common law, TRI's rights, along with associated goodwill, include at least the following ("TOOTSIE ROLL Marks"):

| Registration No. | Registration Date | First Use Date (Year) | Mark | Mark | Exhibit |
|---|---|---|---|---|---|
| 0075218 | 09/14/1909 | 1908 | TOOTSIE (Stylized) **Tootsie** | CHOCOLATE CANDY | A |
| 0949931 | 01/02/1973 | 1925 | TOOTSIE ROLLS | CANDY | B |
| 0963446 | 07/10/1973 | 1966 | TOOTSIE ROLL | TOY BANKS | C |
| 1255474 | 10/25/1983 | 1982 | TOOTSIE FROOTIES (Stylized) **Tootsie Frooties** | CANDY | D |
| 1302714 | 10/30/1984 | 1982 | TOOTSIE ROLL & Design **Tootsie Roll** | DRESS SHIRTS, TANK TOPS, SWEATSHIRTS, SHORTS, SWEATERS | E |
| 1342996 | 06/18/1985 | 1983 | TOOTSIE & Design | CANDY | F |
| 1369332 | 11/05/1985 | 1908 | TOOTSIE ROLL | CANDY | G |
| 1434879 | 03/31/1987 | 1983 | TOOTSIE & Design **Tootsie** | CANDY | H |
| 1468554 | 12/08/1987 | 1983 | TOOTSIE ROLL & Design **Tootsie Roll** | CANDY | I |
| 1635634 | 02/19/1991 | 1990 | TOOTSIE ROLL POPS | LOLLIPOPS | J |
| 1988251 | 07/23/1996 | 1912 | TOOTSIE ROLL | HOUSE MARK FOR CANDY | K |
| 2536259 | 02/05/2002 | 1908 | TOOTSIE | CANDY | L |
| 3026576 | 12/31/2005 | 2002/2003 | TOOTSIE ROLL POP | NON-MEDICATED LIP BALM; JEWELRY; STICKERS; NOTEBOOKS; PENCILS; GIFT TAGS; FOLDERS; BLANK JOURNALS; NON-METAL AND NON-LEATHER KEY CHAINS; UNDERWEAR; PANTS; SHIRTS; SWEATSHIRTS; JERSEYS; SOCKS; FOOTWEAR; SHORTS; PAJAMAS | M |
| 3323806 | 10/30/2007 | 2004 | TOOTSIE FRUIT ROLLS | CANDY | N |

12. As a result of its extensive and continuous use and promotion of TOOTSIE and TOOTSIE ROLL in connection with candy and a variety of consumer goods, including clothing and footwear, TRI has acquired valuable common law rights in the TOOTSIE ROLL Marks.

13. Each of TRI's TOOTSIE ROLL Marks has become incontestable under the provisions of 15 U.S.C. § 1065.

14. TRI licenses its TOOTSIE ROLL Marks on a variety of consumer goods, including footwear, accessories, and clothing. TRI has actively licensed its TOOTSIE ROLL Marks in connection with clothing since at least as early as 1982. TRI has been licensing its TOOTSIE ROLL Marks in connection with footwear since at least as early as 2002. These products are sold by third parties at retail and online, including directly by TRI from its website www.tootsieshop.com. Photographs of several examples are attached hereto as Exhibit O.

16. In view of TRI's long-standing use, substantial sales, and wide-spread marketing and promotional efforts of the TOOTSIE ROLL Marks alone or as part of a formative, TRI's TOOTSIE ROLL Marks have become famous and distinctive, being associated exclusively with products provided by or authorized by TRI.

17. Since TRI's adoption of TOOTSIE in the United States in 1896, TRI's sale of goods in connection with TRI's TOOTSIE ROLL Marks has been extensive and continuous and has amounted to billions of dollars.

18. TOOTSIE ROLL Marks are widely recognized by the general consuming public in the United States as a designation of the source of TRI's goods.

19. Upon information and belief, each of the TOOTSIE ROLL Marks was adopted, used and established as a trademark by TRI prior to any use of FOOTZYROLLS by Rollashoe.

**THE DEFENDANT**

20. Upon information and belief, Rollashoe is the creator, manufacturer and distributor of footwear. Rollashoe sells its products through various channels of commerce, including but not limited to, department stores and through its website www.footzyrolls.com.

21. Upon information and belief, Rollashoe has sold and continues to sell products under the trademark FOOTZYROLLS, which infringe the TOOTSIE ROLL Marks.

22. Upon information and belief, Rollashoe also uses the internet to promote sales of its goods under FOOTZYROLLS, including through its website.

23. Rollashoe has not been licensed to use any of the TOOTSIE ROLL Marks, including those discussed above.

24. Upon information and belief and notwithstanding TRI's prior use and ownership of the TOOTSIE ROLL Marks, Rollashoe filed an application under Serial No. 77/779,346 on July 13, 2009, to register the mark FOOTZYROLLS for "footwear accessories package including: rollable ballet slippers, drawstring bag for alternate shoes and a small purse bag for the rollable slippers all packaged together in the small box" (the "FOOTZYROLLS Mark"); Rollashoe also filed the following applications for marks containing the term FOOTZYROLLS: Application Serial No. 77/834906 for FOOTZYROLLS THE ROLLABLE SHOE & Design, filed on September 25, 2009, and published in the Official Gazette on June 8, 2010; and, Application Serial No. 779/44349 for FOOTZYROLLS FASHION FIXES filed on February 24, 2010 and published in the Official Gazette on July 20, 2010 (collectively, "Rollashoe Applications").

25. Rollashoe's use of FOOTZYROLLS alone or as a formative so resembles each of the TOOTSIE ROLL Marks in sound, commercial impression and appearance that when used in association with footwear, it is likely to cause confusion, to cause mistake or to deceive.

26. Rollashoe's conduct affects intrastate and interstate commerce.

27. Rollashoe's actions described above have been willful and malicious and with full notice of TRI's rights in its TOOTSIE ROLL Marks.

<u>**COUNT I**</u>
**FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

28. TRI incorporates by reference the allegations in Paragraphs 1 through 27 of this Complaint.

29. TRI is the rightful owner of each of the marks comprising TRI's TOOTSIE ROLL Marks.

30. Without authorization from TRI, upon information and belief, Rollashoe has used and continues to use the trademark FOOTZYROLLS alone or as formative, which is substantially similar to any of TRI's TOOTSIE ROLL Marks. Rollashoe uses its FOOTZYROLLS Mark in connection with footwear, which is similar to or related to products offered and sold by TRI or by one its licensees under the TOOTSIE ROLL Marks.

31. Rollashoe's use of the mark FOOTZYROLLS as a trademark is likely to lead consumers in relevant markets to believe that Rollashoe is related to or associated with TRI.

32. Rollashoe's use of a mark which is confusingly similar to any one of the marks comprising TRI's TOOTSIE ROLL Marks constitutes a reproduction, copying, counterfeiting, and colorable imitation of TRI's TOOTSIE ROLL Marks in a manner that is likely to cause confusion, mistake, or is likely to deceive consumers.

33. By using a mark that is likely to cause confusion, mistake and/or deception as to source, sponsorship or affiliation, Rollashoe's past, present and ongoing actions constitute trademark infringement of TRI's rights, subjecting Rollashoe to liability under 15 U.S.C. § 1114.

34. Upon information and belief, such use by Rollashoe is willful and with the intent to trade off the goodwill established by TRI in its TOOTSIE ROLL Marks.

35. Unless enjoined, Rollashoe's conduct, as alleged in this Complaint, will continue and will cause TRI to suffer irreparable harm for which there is no adequate remedy at law.

36. Rollashoe's infringing actions have damaged TRI in an amount to be determined at trial.

## COUNT II
### UNFAIR COMPETITION and FALSE DESIGNATION OF ORIGIN
### LANHAM ACT, 15 U.S.C. § 1125(a)

37. TRI incorporates by reference the allegations in Paragraphs 1 through 36 of this Complaint.

38. TOOTSIE ROLL Marks, as used in connection with candy and a variety of consumer goods including clothing, footwear, jewelry and accessories are distinctive, known for their quality, and have become associated with TRI through its continuous, extensive and widespread use of these marks. As a result, TOOTSIE ROLL Marks identify TRI and its goods.

39. TOOTSIE ROLL Marks are recognized for their quality products as identified in its registrations and under common law, including but not limited to, candy and a variety of consumer goods, including clothing, footwear, jewelry and accessories.

40. Upon information and belief, Rollashoe sells its products to a similar class of consumers as TRI.

2425128.5
- 7 -

41. Rollashoe's use of a trademark that is confusingly similar to any one of the TOOTSIE ROLL Marks has the effect of associating Rollashoe with TRI in the minds of the purchasing public and trading off the goodwill acquired by TRI in its TOOTSIE ROLL Marks.

42. Rollashoe's actions are likely to cause confusion, mistake, or to deceive consumers as to the affiliation, connection, or association of Rollashoe with TRI, or to cause confusion, mistake, or to deceive consumers as to the origin, sponsorship or approval of Rollashoe's goods by TRI, entitling TRI to relief under 15 U.S.C. § 1125(a).

43. Upon information and belief, Rollashoe's actions have been willful, malicious, and fraudulent and have been made with knowledge of the likelihood of confusion and with an intent to confuse or deceive.

44. Rollashoe's use of FOOTZYROLLS alone or as a formative as a trademark constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

45. Rollashoes's use in commerce of FOOTZYROLLS, a mark that is confusingly similar to any one of the TOOTSIE ROLL Marks, as a trademark for footwear constitutes a false designation of origin by creating the appearance that Rollashoe's products are those of TRI when, in fact, they are not.

46. By its conduct, as alleged in this Complaint, Rollashoe has engaged in false designation of origin and false designation of sponsorship, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. Upon information and belief, Rollashoe's actions have been willful, malicious, and fraudulent and have been made with knowledge of the likelihood of confusion and with an intent to confuse or deceive.

48. Unless enjoined, Rollashoe's conduct will continue and will cause TRI to suffer irreparable harm for which there is no adequate remedy at law.

49. TRI is also entitled to damages for such false designation of origin by Rollashoe in an amount to be determined at trial.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

50. TRI incorporates by reference the allegations in paragraphs 1 through 49 of this Complaint.

51. TRI has established valuable goodwill in each of the marks comprising the TOOTSIE ROLL Marks.

52. In addition to its rights under the Lanham Act, TRI has valid common law rights in the TOOTSIE ROLL Marks in connection with candy and a variety of consumer products, including, but not limited to, clothing, footwear, jewelry and accessories.

53. Rollashoe's use in commerce of FOOTZYROLLS as a trademark is in violation and derogation of TRI's common law rights in the TOOTSIE ROLL Marks and is likely to cause confusion, mistake, or to deceive the consuming public as to the affiliation, connection or association of Rollashoe with TRI, or as to the origin, sponsorship, or approval by TRI of Rollashoe's goods.

54. Upon information and belief, Rollashoe knew, or in the exercise of reasonable care, should have known that its conduct is likely to mislead the public.

55. Upon information and belief, Rollashoe's actions have been willful, malicious, and fraudulent and have been made with knowledge of the likelihood of confusion and with an intent to confuse or deceive.

56. Unless enjoined, Rollashoe's conduct will continue and will cause TRI to suffer irreparable harm for which there is no adequate remedy at law.

57. TRI has, or will, be damaged by such conduct in an amount to be determined at trial.

## COUNT IV
## FEDERAL DILUTION, 15 U.S.C. § 1125(c)

58. TRI incorporates by reference the allegations in paragraphs 1 through 57 of this Complaint.

59. TRI has established valuable goodwill in TRI's TOOTSIE ROLL Marks.

60. Each of TRI's TOOTSIE ROLL Marks is distinctive and became famous long before Rollashoe's use of FOOTZYROLLS for footwear, which TRI or its licensees offer in connection with its TOOTSIE ROLL Marks.

61. Rollashoe's use of FOOTZYROLLS is likely to cause dilution by blurring and dilution by tarnishment of each of TRI's TOOTSIE ROLL Marks.

62. Upon information and belief, Rollashoe's actions have been willful, malicious, and fraudulent and have been made with knowledge of the likelihood of confusion and with an intent to confuse or deceive.

63. Unless enjoined, Rollashoe's conduct as alleged in this Complaint will continue and will cause TRI to suffer irreparable harm for which there is no adequate remedy at law.

64. TRI has, or will, be damaged by Rollashoe's dilution in an amount to be determined at trial.

## COUNT V
## OPPOSITION TO FEDERAL REGISTRATION – (15 U.S.C. § 1063)

65. TRI incorporates by reference the allegations in paragraphs 1 through 64 of this Complaint.

66. TRI is the rightful owner of each of the marks comprising the TOOTSIE ROLL Marks.

67. As a result of TRI's extensive and continuous use of the TOOTSIE ROLL Marks, the marks identify TRI and its products.

68. Without authorization from TRI, Rollashoe filed multiple applications for the trademark FOOTZYROLLS, including the following: Application Serial No. 77/779,346 for FOOTZYROLLS; Application Serial No. 77/834906 for FOOTZYROLLS THE ROLLABLE SHOE & Design; and, Application Serial No. 779/44349 for FOOTZYROLLS FASHION FIXES, each for footwear.

69. The products offered by Rollashoe in connection with its Rollashoe Applications, each for marks which were adopted after the TOOTSIE ROLL Marks are confusingly similar to TOOTSIE ROLL Marks, are identical to or related to those goods offered and sold by TRI under its TOOTSIE ROLL Marks.

70. The marks in each of the Rollashoe Applications is similar in appearance, sound, and commercial impression to each of TRI's TOOTSIE ROLL Marks.

71. Rollashoe's Applications may lead consumers in relevant markets to believe that Rollashoe's products are related to or associated with TRI.

72. Each of Rollashoe's Applications are for marks which are confusingly similar to any one of the marks comprising TRI's TOOTSIE ROLL Marks, constituting a reproduction, copying, counterfeiting, and colorable imitation of the TOOTSIE ROLL Marks in a manner that is likely to cause confusion, mistake, or is likely to deceive consumers.

73. Each of Rollashoe's Applications for marks which are confusingly similar to any one of the marks comprising TRI's TOOTSIE ROLL Marks is likely to cause dilution by blurring and dilution by tarnishment of each of the TOOTSIE ROLL Marks.

74. By applying for marks that are likely to cause confusion, mistake and/or deception as to source, sponsorship or affiliation, Rollashoe's past, present and ongoing actions constitute trademark infringement of TRI's rights, subjecting Rollashoe to oppositions to registration under 15 U.S.C. § 1063. Therefore, TRI's (consolidated) Opposition No. 91194423 should be sustained in favor of the Opposer and the Rollashoe Applications should not be allowed to register.

## COUNT VI
## CANCELLATION OF FEDERAL REGISTRATION – (15 U.S.C. § 1064)

75. TRI incorporates by reference the allegations in paragraphs 1 through 74 of this Complaint.

76. TRI is the rightful owner of each of the marks comprising the TOOTSIE ROLL Marks.

77. As a result of TRI's extensive and continuous use of the TOOTSIE ROLL Marks, the marks identify TRI and its products.

78. Without authorization from TRI, Rollashoe filed an application for UNROLL INTO COMFORT WWW.FOOTZYROLLS.COM and Design for "footwear accessories package, namely, rollable ballet slippers, drawstring bag for alternate shoes and a small purse bag for the rollable slippers all packaged together in the small box," which was assigned Application Serial No. 77/834,978 and proceeded to registration on July 13, 2010 and was assigned Registration No. 3816995 (the "Rollashoe Registration").

79. The products offered by Rollashoe in connection with its Rollashoe Registration, a mark which is substantially similar to TRI's TOOTSIE ROLL Marks, are identical to or related to those goods offered and sold by TRI under TRI's TOOTSIE ROLL Marks.

80. The mark comprising the Rollashoe Registration is similar in appearance, sound, and commercial impression to each of TRI's TOOTSIE ROLL Marks.

81. Rollashoe's Registration may lead consumers in relevant markets to believe that Rollashoe's products are related to or associated with TRI.

82. Rollashoe's Registration is confusingly similar to any one of the marks comprising TRI's TOOTSIE ROLL Marks, constituting a reproduction, copying, counterfeiting, and colorable imitation of the TOOTSIE ROLL Marks in a manner that is likely to cause confusion, mistake, or is likely to deceive consumers.

83. Rollashoe's Registration is confusingly similar to any one of the marks comprising TRI's TOOTSIE ROLL Marks and is likely to cause dilution by blurring and dilution by tarnishment of each of the TOOTSIE ROLL Marks.

84. TRI will continue to be damaged by Rollashoe's Registration as a result of a likelihood of dilution by blurring and dilution by tarnishment under 15 U.S.C. § 1125 (c). Because Rollashoe's Registration is likely to cause confusion, mistake and/or deception as to source, sponsorship or affiliation, Rollashoe's past, present and ongoing actions constitute trademark infringement of TRI's rights, subjecting Rollashoe to a Petition for Cancellation under 15 U.S.C. § 1064.

## **RELIEF REQUESTED**

WHEREFORE, TRI prays that this Court:

A.  Permanently enjoin Rollashoe, as well as all its agents, representatives, employees, assigns and all persons acting in concert or privity with them, from maintaining, using, disseminating, reproducing, promoting, distributing or otherwise using the mark FOOTZYROLLS, or any mark confusingly similar thereto, as all or part of any mark or design;

B.  Permanently enjoin Rollashoe, as well as all its agents, representatives, employees, assigns and all persons acting in concert or privity with them, from filing a state or federal trademark application for FOOTZYROLLS alone or as a formative;

C.  Order an award of damages, including interest, for the damages sustained by TRI as a result of the wrongful acts of Rollashoe;

D.  Order an accounting of all gains, profits, and advantages derived through the infringement of the TOOTSIE ROLL Marks, including an accounting for any period not directly covered by a verdict in TRI's favor;

E.  Determine that Rollashoe's infringement and unfair competition has been willful, malicious, and fraudulent and made with knowledge of the likelihood of confusion and/or with an intent to confuse or deceive;

F.  Order the increase and/or trebling of damages awarded to TRI pursuant to 15 U.S.C. § 1117(a), or any other applicable or statutory or common law basis;

G.  Order an award of reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1117, or any other applicable or statutory or common law basis;

H. Order that Rollashoe's existing products, including FOOTZYROLL branded footwear, and all brochures, catalogues, packaging and other promotional and marketing materials bearing the FOOTZYROLL mark be delivered to TRI for destruction;

I. Order that Rollashoe's following U.S. Trademark Applications shall not be allowed to register: Application Serial No. 77/779,346 for FOOTZYROLLS; Application Serial No. 77/834906 for FOOTZYROLLS THE ROLLABLE SHOE & Design; and, Application Serial No. 779/44349 for FOOTZYROLLS FASHION FIXES;

J. Order that Rollashoe's Registration for UNROLL INTO COMFORT WWW.FOOTZYROLLS.COM & Design be cancelled;

K. Award such other and further relief as the Court may deem proper and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TRI demands a trial by jury of all issues so triable.

TOOTSIE ROLL INDUSTRIES, LLC

By its attorneys,


/s/ *John M. Riccione*


John M. Riccione
jriccione@agdglaw.com
Brianna M. Sansone
bsansone@agdglaw.com
Amy R. Rapoport
arapoport@agdglaw.com
ARONBERG GOLDGEHN DAVIS & GARMISA
330 N. Wabash Ave.
Suite 1700
Chicago, IL 60611-3586
Phone: (312) 755-3188
Fax: (312) 222-6388

OF COUNSEL:
Allen S. Rugg
Allen.rugg@wolfgreenfield.com
Christina M. Licursi
christina.licursi@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Phone: (617)646-8000
Fax: (617)646-8646

Dated: November 16, 2011